IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                    No. 2:13-cr-151-KJM

  vs.

THEODORE PLATANITIS,

        Defendant.              <u>ORDER</u>

_____/

       Plaintiff moves, under Rule 20, to return this case to the Eastern District of Louisiana. ECF 16. Return is required, plaintiff argues, because defendant's attempt to change the nature of his plea renders the transfer of jurisdiction to this court without consent *ab initio*. For his part, defendant frames the issue as an attempt by the United States attorneys to withdraw consent. For the reasons below, plaintiff's motion is GRANTED.

       On January 24, 2013, defendant was indicted on two fraud counts in the Eastern District of Louisiana, where his victims maintained their businesses. Subsequently, on February 22, 2013, he was arrested in the Eastern District of California, where he maintains his residence. On April 26, 2013, with defendant's written agreement to enter a plea of "guilty," the United States attorneys for both districts consented to transfer prosecution to the Eastern District of California. ECF No. 9. After transfer, however, on August 28, 2013, defendant requested leave to change his plea from "guilty" to "nolo contendere." ECF No. 14. In

1

response, the government filed the instant motion to return the case to the Eastern District of Louisiana on August 30, 2013. ECF No. 16.

Rule 20 permits transfer if: "(1) the defendant states in writing a wish to plead guilty or nolo contendere . . . ; and (2) the United States attorneys in both [the transferor and transferee] districts approve the transfer in writing." FED. R. CRIM. P. 20(a)(1)–(2). In other words, transfer requires the consent of three parties: the defendant, the transferor United States attorney and the transferee United States attorney. Even if all three parties consent, the transfer is not irrevocable. Rather, "[i]f the defendant pleads not guilty after the case has been transferred under Rule 20(a), . . . the court where prosecution began . . . must restore the proceeding to its docket." *Id.* 20(c). In this manner, the defendant is "protected against prejudice" because he can "rescind" his consent. *Id.* 20(a) Advisory Committee's Note. This is "[t]he only divesting condition subsequent provided by" Rule 20. *United States v. Binion*, 107 F. Supp. 680, 682 (D. Nev. 1952).

As the government points out, the Ninth Circuit addressed facts substantially similar to those of this case in *United States v. French,* 787 F.2d 1381, 1381–82 (9th Cir. 1986). There, the defendant stated in writing that he wished to plead guilty, but once the case was transferred, he changed his plea to a conditional guilty. *Id.* The district court then rejected the changed plea and ordered the case returned because "the United States Attorney . . . had never consented." *Id.* Noting that the appellant did not "dispute the district court's conclusion that there [had been] no 'meeting of the minds,'" the panel affirmed. *Id.* at 1385.[1]

Defendant relies on *Binion*, 107 F. Supp. at 680, and its progeny *United States v. Torres*, 399 F. Supp. 2d 549, 556 (S.D.N.Y. 2005), to argue that once all parties have consented to a transfer, such consent may be withdrawn by only the defendant. In *Binion*, the defendant and both United States attorneys consented to transfer prosecution; however, before the

---

[1] The district court also rejected the changed plea on the basis that Rule 20 permits only "guilty" or "nolo contendere" pleas, while the defendant changed his plea to a conditional guilty plea. The Ninth Circuit declined to address these alternative grounds, affirming only on those stated above.

1  defendant entered his plea, the United States attorneys filed contemporaneous withdrawals of
2  consent. 107 F. Supp at 681. Rejecting the attempted withdrawals, the court observed that
3  "[n]owhere, in [Rule 20] or in the notes of the Advisory Committee, does there appear any
4  contemplation of jurisdiction flipping about at the whim of the United States Attorneys. . . .
5  [Instead,] such a singular change in traditional concepts of venue if intended would have been
6  spelled out clearly." *Id.* at 682–83.

7  In *Torres*, after the case had been validly transferred, the defendant asked the
8  court to order a mental examination to determine competency to enter a plea. 399 F. Supp. at
9  550–51. The government opposed the request, arguing that the court had jurisdiction only for
10 purposes of taking the agreed-upon plea and sentencing. *Id.* at 551. Likening such opposition
11 to withdrawal of consent, the court was "disinclined to impose upon . . . Rule [20] a
12 construction that would expand the ways . . . to void a transfer . . . ." *Id.* at 556. Thus, citing
13 *Binion*, it held there is "only one way for [a] transfer to be void: a plea of not guilty." *Id.*

14 However, as in *French*, "this is a case where no consent was given, not where
15 consent was withdrawn." 787 F.2d at 1385 n.6. That is, the government did not initially agree
16 to defendant's nolo contendere plea and then subsequently change its position. Rather, as in
17 *French*, "the transfer form states that [the defendant] 'wish[ed] to plead guilty' [and] [t]hat is
18 what was consented to." *Id.* Neither United States attorney consented to defendant's nolo
19 contendere plea, thus *Binion* and *Torres* are inapposite.

20 In light of Rule 20's stated purpose to "reliev[e] [the defendant] of whatever
21 hardship may be involved in a removal to the place where the prosecution is pending," FED. R.
22 CRIM. P. 20 Advisory Committee's Note, defendant's request that the court consider the
23 practical effects of granting the government's motion does not fall upon deaf ears. However,
24 the court notes defendant could avoid hardship by honoring the agreement he originally formed
25 with the United States attorneys in Louisiana and here.
26 /////
27 /////
28

Plaintiff's motion to return jurisdiction of the case to the Eastern District of Louisiana is GRANTED.

IT IS SO ORDERED.

Dated:  October 10, 2013.

_____
UNITED STATES DISTRICT JUDGE